## MICHAEL *v*. WHITE.

### Opinion delivered December 13, 1915.

1. REAL ESTATE BROKERS—COMMISSIONS—AMOUNT.—Under a contract to pay a broker commissions on a sale in which he was instrumental, although the seller found the buyer, *held*, the broker, under the facts, was entitled to a commission, and it was immaterial that the amount of the commission was large, and the work done by the broker was small.

Appeal from Cleburne Circuit Court; *J. I. Worthington, Judge;* affirmed.

*W. R. Casey* and *Garner Fraser,* for appellant.

1. The court abused its discretion in refusing a continuance. 113 Ark. 115.

2. The verdict shocks one's sense of justice. 70 Ark. 385. A jury can not be permitted to indulge in mere conjecture. 57 Ark. 402; 76 *Id.* 436.

*George W. Reed,* for appellee.

1. The question of a continuance is within the sound discretion of the court.

2. This court will not disturb a verdict where there is evidence to support it. 92 Ark. 200. There is no error.

McCULLOCH, C. J. This is an action to recover commissions alleged to have been earned by the plaintiff in aiding in an exchange of real estate by the defendant to one Vaughan. Defendant G. W. Michael lived in New Hampshire and owned a tract of timber land containing 1,017 acres in Cleburne County, Arkansas. Plaintiff White lived in Cleburne County and he sues under an alleged oral contract whereby defendant agreed to pay him a commission of 10 per cent. on the sale or exchange of the lands to a customer found by plaintiff, or for aiding a sale or exchange to a purchaser found by the defendant himself a commission of 5 per cent. The defendant, while sojourning in Florida, entered into negotiations with Vaughan to exchange the Cleburne County land for certain real estate in Marietta, Georgia, which said property was, according to the testimony in this case, estimated in the trade at the value of $28,000. The defendant, in con-

ducting the negotiations with Vaughan, referred him to the plaintiff and Vaughan and plaintiff corresponded. The testimony of Vaughan tended to show that the information which he received from the plaintiff was the inducing cause for the consummation of the deal.

Plaintiff sued for 5 per cent. commission, or $1,400, on the ground that he aided in the exchange to a customer found by the defendant himself. The defendant, on the other hand, alleges that he made no contract at all to pay the plaintiff a commission under any circumstances, and that his sole undertaking was to pay the plaintiff the stipulated sum of five dollars for showing the land to anyone whom the defendant might send there to look at the land. The jury returned a verdict in plaintiff's favor for the recovery of the sum of $1,400, and defendant has appealed.

The only argument here is that the verdict of the jury is not supported by any evidence. We think, however, that there is evidence in the record legally sufficient to support the verdict. The verdict is responsive to the testimony of the plaintiff himself. He states positively that the defendant agreed with him that if he aided in the sale or exchange of the property, where the defendant himself found the customer, he should be paid a commission of 5 per cent. The contract was an unusual one, but if it was made and performed in the way that plaintiff states he is entitled to recover the amount.

It is urged that the fulfilment of the contract imposes an onerous burden on the defendant in that he has to pay $1,400, as stated by counsel in the brief, "for writing a letter." A real estate agent sometimes earns a commission very easy, and sometimes he may do an amount of work out of proportion to the commission which he receives. With that the courts in enforcing a contract have nothing to do, for if parties see fit to make a contract which is not illegal it is the duty of the court to enforce it.

Again, it is said that the testimony is not sufficient to show that the consideration for the exchange amounted to the sum of $28,000. Vaughan testified to that fact and it is not disputed. It is also claimed that the undisputed

evidence shows that there was a mortgage on the Marietta property in the sum of $6,500, which the defendant assumed in the trade to pay, and that the consideration was reduced to that extent. Vaughan stated that the valuation of the property was $28,000, and he was not asked about there being any mortgage on the property. His testimony tends to show a straight out exchange by defendant for property of the estimated value of $28,000. The only suggestion about there being a mortgage on the property is found in a letter written by the defendant to the plaintiff in which it is stated that there is a mortgage on the property of $6,500, which the defendant had assumed. This does not make a case of undisputed fact.

We find nothing in the record which would justify us in disturbing the verdict of the jury.

Affirmed.